**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SUZEE E. LAPENNA,

       Plaintiff,

vs.                                 CASE NO. 3:09-cv-1213-J-25TEM

SUNTRUST BANK,
a Georgia corporation,

       Defendant.

_____

## O R D E R

This case is before the Court on Defendant SunTrust Bank's Motion to Strike Demand for Trial by Jury (Doc. #8, Motion to Strike) and Plaintiff's response in opposition thereto (Doc. #13, Opposition).  In the complaint of this case, Plaintiff "demands a trial by jury on all issues so triable" (*see* Doc. #2 at 4). Defendant seeks to strike that demand from the pleading and avoid trial by jury on the basis that Plaintiff waived her right to a jury trial under the "jury trial waiver clause contained within SunTrust Rules and Regulations for Deposit Accounts," which reportedly govern the account at issue in this case (Doc. #8 at 1).  Subsequent to filing the Motion to Strike and the Opposition, the parties sought, and were given, leave to file additional briefing on this matter (*see* Doc. #21, Defendant's Reply, and Doc. #20, Plaintiff's Sur-Reply).  Plaintiff seeks to retain her Seventh Amendment right to a jury trial and asserts she has not knowingly and voluntarily waived her right to a jury trial (*see generally*, Docs. #13, #20).  Upon consideration of the parties' positions and arguments presented in their initial and supplemental memoranda, the Court

is inclined to agree Plaintiff's purported waiver of the right to a trial by jury, if any, was not knowingly and voluntarily made.

The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."  U.S. Const. amend. VII.  The Supreme Court has unequivocally stated that the "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."  *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (internal quotation and citation omitted); *see also Nichols v. Drisker*, Civ. Action No. 3:07-cv-109-J-25TEM, Docket Entry No. 38 (M.D. Fla. Oct. 5, 2007) (unpublished decision with citation to *Chauffeurs, Teamsters & Helpers*).  Thus, the fundamental right to a jury trial may be waived, but "courts must indulge every reasonable presumption against waiver."  *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (internal quotation and citations omitted).

In this case, Plaintiff and her spouse opened a bank account with a predecessor bank, once removed, from SunTrust Bank (*see* Doc. #12, Affidavit of Suzee E. LaPenna). No one disputes that the bank account was opened in the early 1990's, or that the earlier bank was most probably Loyola Federal, which was then acquired by Crestar and later acquired by SunTrust.  *See id.*  Plaintiff states that as of July 1, 2009 the disputed SunTrust account held approximately $500,000.  *Id.*  Apparently Plaintiff's spouse, Mr.

2

Louis LaPenna, signed a guaranty for a Renewal Promissory Note that guaranteed an indebtedness of over $700,000, which reportedly went into default (*see* Doc. #8 at 1-2). The joint account of Mr. and Mrs. LaPenna that originated in the early 1990's with Loyola Federal was frozen by SunTrust on or about July 29, 2009 pursuant to the Rules and Regulations for Deposit Accounts that SunTrust states are applicable to the account (*see* Doc. #8, Doc. #2).  Mrs. LaPenna brought the instant action for declaratory judgment of her rights regarding the frozen joint account and for conversion of her property within the account (Doc. #2, complaint).

In support of the Motion to Strike, Defendant argues the Rules and Regulations that govern the frozen joint account specifically provide for a jury trial waiver (Doc. #8 at 2). Defendant, however, provided the Court with the Rules and Regulations for Deposit Accounts at SunTrust Bank that were in effect on June 2009 (*see* Doc. #8-2, Exhibit A). Interestingly, page twenty-four of these Rules and Regulations is the page on which the jury trial waiver clause is reported to exist (*see* Doc. #8 at 2-3), but that page is missing from the document filed with Defendant's Motion to Strike (*see* Doc. #8-2).

In an effort to demonstrate Mrs. LaPenna's knowledge of the Rules and Regulations, and the reasonable inference therefrom that she implicitly knew of and agreed to the jury waiver clause, Defendant filed a personal account signature card for a joint account of Louis C. LaPenna or Suzee E. LaPenna, that is undated, but is on a form that bears a form date of "7/05,"  and is for an account other than the one subject to this litigation (*see* Doc. #21 at 6).  The signature card includes the language:

> It is agreed that all transactions between the Bank and the above signed
> shall be governed by the rules and regulations *for this account* and the

3

> above signed hereby acknowledge(s) receipt of such rules and regulations
> and the funds availability policy.  The above signed also acknowledge(s) the
> funds availability policy has been explained.

Id. (emphasis added).

A party to a civil lawsuit may waive the right to a trial by jury, provided such waiver is knowing and voluntary.  *Bakrac, Inc. v. Villager Franchise Systems*, 164 Fed. Appx. 820, 823 (11th Cir. 2006);[1] *see also Allyn v. Western United Life Assurance Co.*, 347 F.Supp.2d 1246, 1251 (M.D. Fla. 2004) ("Where a jury waiver is claimed under a contract executed before the litigation, it must be shown that the waiver was assented to knowingly, voluntarily, and intelligently.") (internal citations omitted).  To determine whether a jury trial waiver was entered into knowingly, voluntarily and intelligently, courts typically consider the conspicuousness of the provision in the contract, the opportunity to negotiate the terms of the contract, the level of sophistication and experience of the parties entering into the contract, the relative bargaining power of each party, and whether the waiving party was represented by counsel at the time waiver was made.  *Allyn v. Western United Life Assurance Co.*, 347 F.Supp.2d at 1252.  Even with consideration of these factors, however, the court is not charged with ascertaining which party has more factors weighing in its favor, but with whether in light of all the circumstances the court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.  *Id.*

---

[1] Unpublished opinions may be cited throughout this order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

4

Here, the Court finds enforcement of the purported jury trial waiver clause against Plaintiff would be unconscionable and simply unfair.  It is unknown how conspicuously the jury trial waiver clause is set forth in the Rules and Regulations for Deposit Accounts at SunTrust Bank when SunTrust assumed control over the frozen joint account in question.  Those Rules and Regulations have not been provided for the Court's review.  The 2009 Rules and Regulations filed with Defendant's Motion to Strike are missing the page on which the waiver clause reportedly appears.  No information has been provided the Court that indicates Plaintiff was ever given the applicable Rules and Regulations.  It is further unknown, what Rules and Regulations were in place when Plaintiff signed the undated signature card for a separate deposit account.  It is unknown, albeit unlikely, whether Plaintiff was represented by counsel concerning her banking decisions at any time prior to the actions of Defendant that led to the filing of this lawsuit.  Admittedly, Plaintiff was free to deposit her funds in any bank of her choosing.  On the record before the Court, it appears the level of sophistication and the relative bargaining power of the parties would not weigh heavily in favor of Plaintiff or Defendant.

Plaintiff did not sign a promissory note with Defendant, nor did she explicitly enter into a contract with Defendant that contains a provision for waiver of her right to trial by jury.  Plaintiff's purported waiver, as argued by Defendant, if indeed a waiver exists, is simply too far removed from an affirmative action on her part to find a knowing, voluntary and intelligent waiver of her Seventh Amendment right to a jury trial on all issues so triable in this case.

Accordingly, Defendant SunTrust Bank's Motion to Strike Demand for Trial by Jury (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 19<u>th</u>   day of August, 2010.

Copies to all counsel of record
        and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge

6